IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-42-FL

| | |
|---|---|
| STEPHEN DILGER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CHERYL ANNE MEADS, formerly ) | |
| known as Cheryl Davis Eckerd, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to dismiss (DE # 6). By oral order pronounced this day during telephonic conference with the parties, defendant's motion was denied. The court now memorializes in writing the reasons behind that determination.

**BACKGROUND**

This action was filed in Wake County Superior Court on December 9, 2010, and was removed to this court on January 27, 2011. Plaintiff alleges breach by defendant of an agreement to transfer certain real property in Wake Forest, North Carolina. Plaintiff contends that defendant wrongfully repudiated that agreement when she purported to invoke a contingency clause requiring the property to appraise at an amount equal to or exceeding the contract price. According to plaintiff, the agreement does not contain any such contingency clause. Defendant moved to dismiss on January 28, 2011, arguing that she properly invoked the contingency clause and that the appraisal value was less than the contract amount. Plaintiff responded in opposition on February 28, 2011, and defendant replied on March 3, 2011.

**DISCUSSION**

A.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor will the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

B.     Analysis

In her motion, defendant argues that a plain reading of the contract, which is attached to plaintiff's complaint, gives her the right to terminate if the property does not appraise at a value equal to or exceeding the purchase price. She contends that the property did not appraise at a sufficient value. Accordingly, defendant argues that she has properly exercised an unambiguous right to terminate, and that plaintiff has failed to state a claim against her.

Although continuing to argue that no appraisal was required by the contract, plaintiff contends that defendant's argument cannot be reached on a motion to dismiss because it assumes facts not in the pleadings. Specifically, plaintiff notes that he did not plead that the appraisal of the

2

property was less than the contract price, as argued by defendant in her motion. Instead, he attached a letter from defendant where she claims that the appraisal justifies her repudiation of the agreement. Indeed, plaintiff contends that defendant has refused to provide him with the appraisal itself.

Assuming without deciding that defendant is correct that the contract unambiguously allows her to terminate the contract in certain circumstances, the materials properly before the court on her motion pursuant to Rule 12(b)(6) are not sufficient to conclude that those circumstances are present here. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (noting that the court generally cannot reach the merits of an affirmative defense through Rule 12(b)(6) unless the necessary facts clearly appear on the face of the complaint). Defendant argues that she properly terminated the agreement *because the appraisal price for the property was less than the contract price*; those facts not before the court.

In her reply, defendant contests this understanding of her defense. Because the contract, in her view, unambiguously allows termination where the appraisal price is less than the contract price, defendant argues that the burden is on plaintiff to allege that the appraisal price meets or exceeds the contract price in order to state a claim. In other words, defendant contends that if the court determines that the contract unambiguously allows termination in certain circumstances, it is plaintiff's burden to allege that those circumstances are not present here in order to state a claim.

Although defendant's argument is well presented, the court cannot agree with this characterization of the complaint or the defense presented. It is of course true that the complaint is framed based on plaintiff's argument that the contract does not contain an appraisal contingency. But even if the court finds that the contract provided for an appraisal contingency, the pleadings are sufficient to raise a plausible inference that defendant improperly invoked this contingency and is

3

in breach. For example, the complaint alleges that defendant's "*purported* reasons for terminating" included the appraisal contingency, see Compl. ¶ 9, and that she failed to purchase the property "as she agreed to in the Contract," see id. ¶¶ 14, 18. As already noted, the contract itself is attached to the complaint and incorporated by reference.

At bottom, defendant's motion to dismiss implicitly requires the court to resolve "contests surrounding the facts, the merits of a claim, [and] the applicability of [a] defense[]." See Republican Party, 980 F.2d at 952. Rule 12(b)(6) is not the appropriate vehicle for reaching these decisions. Plaintiff now has moved for summary judgment. Defendant has not yet responded. At conference, defendant indicated that it might request the court to convert its motion to dismiss into one seeking summary judgment. Even if defendant doesn't make this request explicit in its forthcoming response in opposition, the court will consider granting judgment to defendant under Rule 56(f)(1) if, after further review, the court concludes that there is an unambiguous appraisal contingency in the contract *and* that the material facts not genuinely in dispute include the fact that the property appraised for less than the contract price.

## CONCLUSION

As ordered at telephonic conference, and for the reasons set forth more particularly above, defendant's motion to dismiss (DE # 12) is DENIED.

This the 16th day of March, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

4